UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERI C. JOHNSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>SONY MUSIC PUBLISHING (US) LLC, et al.<br><br>                    Defendants. | 23-CV-10369 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is a resident of College Park, Georgia, brings this *pro se* action invoking the court's federal question and diversity jurisdiction.[1] Named as defendants are (1) Sony Music Publishing, LLC, located in New York, New York; (2) Alyssa Michelle Stephens d/b/a Mulatto, located in Fayetteville, Georgia; (3) StreamCut Media, LLC, located in Atlanta, Georgia; (4) Belcalis Marlenis Almanzar Cephas d/b/a Cardi B., located in Atlanta, Georgia; and (5) Black Entertainment Television, LLC d/b/a B.E.T. Awards, located in New York, New York. Plaintiff asserts that Defendants infringed on her copyrighted material by publishing and performing certain songs containing her music and lyrics. She also asserts several state law claims arising out of the use of those lyrics, including defamation, fraud, negligence, sexual harassment, stalking, negligent infliction of emotional distress, and harassment.[2] For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Georgia.

---

    [1] By order dated December 12, 2023, the Court granted Plaintiff *in forma pauperis* status. (ECF 9.)

    [2] Plaintiff has submitted to the court multiple documents, including several amended pleadings without permission. The operative pleading appears to be a third amended complaint (ECF 19) that she filed on May 7, 2024.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Copyright infringement claims must be brought "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a); *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Courts have found that a defendant "may be found [for purposes of Section 1400(a)] in any district in which he is subject to personal jurisdiction." *Boehm v. Zimprich*, No. 13-CV-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y. Dec. 13, 2013) (collecting cases).

Plaintiff sues Defendants for copyright infringement and state law claims arising out of the allegedly improper use of her lyrics and music. Because she indicates that two of the five defendants are located in New York County, New York, the remaining three defendants are in Fayetteville, Fayette County, Georgia and Atlanta, Fulton County, Georgia, and that the events giving rise to her claims occurred worldwide, venue does not appear to be proper in this district under Section 1391(b)(1) or (2). New York County is located in this district, *see* 28 U.S.C. § 112(b), but both Fayette County and Fulton County, Georgia, are in the Northern District of Georgia, *see* 28 U.S.C. § 90(a). Furthermore, it is unclear whether all of the defendants can be

2

found in or are subject to personal jurisdiction of this district to make venue appropriate in this court under Section 1400(a). If there is no district, however, in which this action may otherwise be brought, both this district and the Northern District of Georgia may be an appropriate venue for this action under Section 1391(b)(3).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v.*

*Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under Section 1404(a), transfer of this action is appropriate in this case. Plaintiff, who is a resident of College Park, Georgia, brings claims arising out of allegedly worldwide events against Defendants who reside in New York and Georgia. Venue for this action under Section 1391(b)(3) may lie in both this court and the Northern District of Georgia. In addition, however, Plaintiff previously filed in the Northern District of Georgia a substantially similar civil action stemming from the same set of facts and against many of the same defendants named in this action. *See Johnson v. StreamCut Media, LLC*, No. 23-CV-5163 (N.D. Ga. filed Nov. 9, 2023). Therefore, the Northern District of Georgia is the favored forum to litigate this action. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (under the "first-filed rule," when two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit).

Based on a totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of Georgia. *See D.H. Blair & Co.*, 462 F.3d at 106.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Summonses shall not issue from this court. All pending matters are to be adjudicated by the transferee court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 9, 2024
           New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge